CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 0 7 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LINDA M. PERKINS, <br>     Plaintiff, | Civil Action No. 3:09-CV-00052 |
| v. | MEMORANDUM OPINION |
| SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | By: Hon. Norman K. Moon <br> United States District Judge |

Plaintiff Linda Perkins, proceeding pro se and in forma pauperis, seeks judicial review of the Commissioner of Social Security's final decision denying her request for disability insurance benefits. On May 28, 2009, the Social Security Administration Appeals Council denied Perkins' request for review and informed her that she had sixty days to file a civil action requesting court review of the Commissioner's final decision. The notice further stated: "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Applying this standard, Perkins received the Appeals Council notice on June 2, 2009. She filed this action on August 6, 2009 – three days after the applicable sixty-day deadline for filing a civil action ended.[1]

As explained to Perkins in the Appeals Council notice, an individual seeking review of a final decision of the Commissioner must file suit within sixty days of receiving the notice by mail. 42 U.S.C. § 405(g). Since Perkins did not file suit within sixty days of the date she received the Appeals Council notice, her complaint is not timely filed and must be dismissed. See 28 U.S.C. §

---

[1] Although Perkins mailed her complaint to the Court by letter postmarked August 3, 2009, the complaint was not received by the Clerk of Court until August 6, 2009. Under Federal Rule of Civil Procedure 5(d)(2), a paper is not deemed filed unless *delivered* to the clerk or to the judge. As such, Perkins' complaint was not "filed" within the applicable sixty-day deadline. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006) (because documents are only deemed filed when they come into the clerk's possession, a document will not be deemed "filed" when it is placed in the U.S. mail); *McIntosh v. Antonio*, 71 F.3d 29, 36-37 (1st Cir. 1995) (same).

1915(e)(2)(B)(ii) (court must dismiss complaint filed in forma pauperis if the action fails to state a claim for which relief may be granted); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (court has independent obligation to evaluate, sua sponte, subject matter jurisdiction if it is in doubt). An appropriate Order dismissing this case from the Court's active docket will follow. The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Perkins.

Entered this 7th day of August, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE